# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 50228 | **DATE** | 7/8/2010 |
| **CASE TITLE** | Jodene M. Aasen vs. DRM, Inc., et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants the motion to dismiss as to Counts I, II, and V of the amended complaint. The remaining counts are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). This cause is dismissed in its entirety.

■[ For further details see text below.]

Electronic Notices.

## STATEMENT - OPINION

Plaintiff, Jodene M. Aasen, filed a six-count complaint against defendants DRM, Inc. d/b/a DRM Arby's Inc. (Arby's), Bruce Knutson, Ryan Ferguson, Officer Justin Jobst, and the Village of Rockton (Village). Plaintiff alleged violations of 42 U.S.C. § 1983 (Counts I-II) and brought state claims for defamation (Counts III-IV), battery (Count V), and false imprisonment (Count VI). Jurisdiction is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

The alleged facts underlying this case involve the Arby's restaurant where plaintiff worked. On October 7, 2009, plaintiff filed a complaint. As pleaded in the original complaint, managers of the restaurant suspected plaintiff of theft and set up an internal sting operation. (Original Complaint ¶¶32-34). When $20.00 went missing, the managers contacted the Rockton police. Officer Jobst arrested plaintiff.[1] The original complaint stated that Officer Jobst's arrest of plaintiff was based on the allegations of Bruce Knutson, a district manager of Arby's. (Original Complaint ¶115). Officer Jobst and the Village subsequently filed a motion to dismiss Counts I, II, V, and VI pursuant to Fed. R. Civ. P. 12(b)(6), asserting that the above allegations established probable cause and, thus, provided them an absolute defense to her claims.

On January 12, 2010, the parties appeared before the Magistrate Judge. Plaintiff moved, in apparent response to the motion to dismiss, to file an amended complaint. Plaintiff did not provide an oral or written explanation for the motion. Plaintiff did not present a copy of the proposed amended complaint.[2] While the court considered plaintiff's motion, defense counsel stated, "You know I haven't seen the proposed amended complaint." The Magistrate Judge responded, "What I'm going to do is indicate he can file the amended complaint …. Then I'm giving you 21 days *to file whatever you think is appropriate* based upon the amended complaint." (emphasis added).

Plaintiff filed the proposed amended complaint on January, 27, 2010. Absent from the amended complaint was the language that Officer Jobst's arrest was based on the allegations of Knutson, which Officer Jobst and the Village maintained provided an absolute defense to Counts I, II, V, and VI, or any reference to the sting operation.[3] Officer Jobst and the Village subsequently filed a "motion to strike or dismiss amended

complaint" pursuant to Fed. R. Civ. P. 15(a)(2) and 12(b)(6).

Plaintiff responded to defendants' motion. The response declined to justify plaintiff's failure to conform with standard Rule 15(a)(2) protocol or provide any meaningful explanation for the language's removal. Instead, plaintiff argued: defendants did not object to plaintiff's leave to amend, Rule 15(a)(2) does not require submission of the amended complaint, the amended complaint does not contradict the original complaint, and the amendments to the complaint were not prejudicial.

A party may amend their complaint once as a matter of right if the amended complaint is filed within 21days. Fed. R. Civ. P. 15(a)(1). However, a party wishing to amend their complaint after the 21-day period faces certain restrictions. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the rights of a party seeking to amend its original complaint beyond the 21-day period are subject to the consent of the opposing counsel or discretion of the court.

In evaluating Rule 15(a)(2) motions, a court is to use its discretion and give leave to amend when justice so requires. Schur v. L.A. Weight Loss, 577 F.3d 752, 759 n. 3 (7th Cir. 2009). An amended pleading ordinarily supersedes the prior pleading, and the prior pleading is in effect withdrawn as to all matters not restated in the amended pleading and becomes *functus officio*. 188 LLC. v. Trinity Industries, Inc., 300 F.3d 730, 736 (7th Cir. 2002). However, a court may rely on the allegations in the original complaint where warranted by the interest of justice. Whitehouse v. Piazza, 397 F.Supp.2d 935, 941 (N.D. Ill. 2005); Wallace v. N.Y. Dep't of Corrections, 1996 WL 586797, *2 (E.D.N.Y. Oct. 9, 1996). A court should be hesitant to dismiss a complaint based on inconsistencies between the original and amended complaint, but dismissal is permissible where the interests of justice require. Whitehouse, 397 F.Supp.2d at 941.

Plaintiff failed to file an amended complaint within the 21-day window. Accordingly, the amended complaint is subject to the consent of the opposing counsel or discretion of the court. Fed. R. Civ. P. 15(a)(2). Defendants did not consent to the amended complaint as suggested by plaintiff. Defendants' counsel voiced concerns over plaintiff's counsel's failure to furnish the proposed amended complaint.[4] The Magistrate Judge stated that defendants' counsel would have 21days to file *whatever* he deemed appropriate. Defendants elected to move for a motion to strike and dismiss the amended complaint. This was consistent with the Magistrate Judge's ruling and does not constitute consent by defendants.

The interests of justice here favor including the allegations in the original complaint that Officer Jobst relied on the assertions of Knutson when arresting plaintiff. Plaintiff neglected to furnish a copy of the amended complaint to opposing counsel or the Magistrate Judge. Moreover, the amended complaint removed the precise allegations relied on by Officer Jobst and the Village as the basis for their original motion to dismiss. No meaningful justification for this removal is proffered by plaintiff, and plaintiff attempts to circumvent her present pleading by asserting the allegation in ¶26 encompasses those seen in the original complaint.[5] This approach to pleading by plaintiff is a disingenuous attempt to avoid the ramifications of the allegations in plaintiff's original complaint. The complaint was signed by plaintiff's attorney under the obligations of Rule 11, and the allegations were specific and comprehensive, evincing an absence of any mistake. The revised allegations in the amended complaint reflect an intentional manipulation to avoid the consequences of defendants' appropriate motion to dismiss. Under these unique circumstances, the court will consider the motion to dismiss the amended complaint in light of the additional allegations regarding Officer Jobst's reliance on the allegations of Knutson.[6]

A Rule 12(b)(6) motion requires a court to look at whether the plaintiff has stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court is to assume the truth of a plaintiff's allegations, Sudduth v. Donnolly, 2010 WL 887385, *1 (7th Cir. Mar. 11, 2010), but the complaint must contain sufficient factual allegations to state a claim that is plausible on its face, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

However, if the plaintiff chooses to plead additional facts, beyond the requisite short and plain

statement showing that the plaintiff is entitled to relief, the plaintiff cannot prevent the defense from contending those same facts demonstrate the plaintiff is not entitled to relief. Thompson v. Illinois Dept. of Prof. Regulation, 300 F.3d 750, 753 (7th Cir. 2002). A party may plead itself out of court when it would be necessary to contradict the complaint in order to prevail on the merits. Tamayo v. Blagojevich, 526 F.3d 1074, 1086 (7th Cir. 2008).

Probable cause to arrest provides an absolute defense to any claim brought under §1983 for wrongful arrest, false imprisonment, or malicious prosecution. Mustafa v. City of Chicago, 442 F.3d at 547. Probable cause exists where the facts and circumstances known to the arresting officer, of which they have a reasonably trustworthy information, are sufficient to warrant a prudent person in believing that the suspect had committed the offense. Mustafa, 442 F.3d at 547. This belief may be based on the information "provided to him by the victim or an eyewitness to the crime that the officer reasonably believes is telling the truth." Holmes v. Village of Hoffman Estates, 511 F.3d 673, 680 (7th Cir. 2007). The court evaluates probable cause on the facts as they appeared to a reasonable person in the position of the arresting officers. Mustafa, 442 F.3d at 547.

Once probable cause is established, the arresting officer has no duty to investigate further. Pasiewicz v. Lake County Forest Preserve, 270 F.3d 520, 524 (7th Cir. 2001). The actual innocence, potential harm, and stigmatization of the person arrested are irrelevant. Pasiewicz, 270 F.3d at 523.

Further, an officer facing a false arrest claim is entitled to qualified immunity to the extent he was performing discretionary functions that did not violate constitutional rights that a reasonable person would know about. Mustafa, 442 F.3d at 548. Although qualified immunity provides officers with an additional layer of protection against civil liability, whether police officers had probable cause to arrest a suspect and whether they are entitled to qualified immunity for the arrest are closely related questions. Carmichael v. Village of Palatine, 2010 WL 2011509, *6 (7th Cir. May 21, 2010). Where a defendant raises qualified immunity as a defense in a wrongful arrest case, a court is to determine if the officer actually had probable cause or, if there was no probable cause, whether a reasonable officer could have mistakenly believed that probable cause existed. Carmichael, at *6. If the officers can establish that they had "arguable probable cause" to arrest the plaintiff, then the officers are entitled to qualified immunity, even if a court later determines that they did not actually have probable cause. Carmichael, at *6.

Further, the brief detention or conduct incidental to a reasonable arrest does not constitute actionable constitutional torts. A pretrial detainee may be lawfully detained and subject to the restrictions of a detention facility as long as these restrictions do not amount to summary punishment. Tesch v. County of Green Lake, 157 F.3d 465, 476 (7th Cir. 1998). The "mere fact that pretrial detention interferes with a person's desire to live comfortably and free from restraint does not without more make the conditions of that confinement unconstitutional." Board v. Farnham, 394 F.3d 469, 477 (7th Cir. 2005). There exists a *de minimis* level of imposition with which the constitution is not concerned. Tesch, 157 F.3d at 476.

In the case at hand, plaintiff has pleaded facts in excess of those necessary to bring her § 1983 (Counts I & II) against Officer Jobst and the Village. Specifically, plaintiff alleged, "At all times relevant hereto, the Defendant Jobst's arrest of the Plaintiff was based entirely upon the unsubstantiated allegations of the Defendant Bruce Knutson." Despite plaintiff's best efforts to save her complaint, this allegation, along with others show that Officer Jobst had probable cause to place plaintiff under arrest. Probable cause exists where the facts and circumstances reasonably support a belief that the suspect committed a crime, and such facts may be provided by the victim of a crime. Holmes, 511 F.3d at 679-80. Officer Jobst reasonably placed plaintiff under arrest after the manager of the Arby's, a victim or representative thereof, told him that plaintiff stole from the store. Plaintiff's amended complaint also pleads that Knutson accompanied Officer Jobst to the Arby's, and Knutson accused Plaintiff of having taken the missing $20.00. It reasonably can be inferred from these allegations that Knutson had shared the results of his internal investigation with Officer Jobst, including his conclusion that plaintiff had stolen the money. When one draws the reasonable inferences from

| STATEMENT - OPINION |
|---|

the facts pleaded by plaintiff, it is reasonable to conclude that these facts support a reasonable belief by Officer Jobst that plaintiff committed the alleged theft.

Once probable cause was established, Officer Jobst had no duty to make further inquiries. Pasiewicz, 270 F.3d at 534. It is ultimately irrelevant that plaintiff did not in fact steal from the restaurant. Pasiewicz, 270 F.3d at 523.

Further, the defense of qualified immunity is applicable. In arresting plaintiff, Officer Jobst performed a discretionary function. Under these circumstances, an officer need only show that they had "arguable probable cause" to arrest the individual. Carmichael, 2010 WL 2011509 at *6. As this court has determined that based on the allegations probable cause actually existed, Officer Jobst did not unreasonably infringe upon plaintiff's constitutional rights and is entitled to qualified immunity.[7]

Finally, plaintiff fails to establish an actionable constitutional tort for deprivation of liberty (Count II). The pleaded facts are indicative of conduct incidental to any reasonable arrest. Specifically, Officer Jobst informed Plaintiff she was under arrest, handcuffed her, and brought her to the police station for processing and interrogation. There exists a *de minimis* level of imposition with which the constitution is not concerned, Tesch, 157 F.3d at 476, and the mere fact plaintiff was inconvenienced does not amount to a constitutional tort, Board, 394 F.3d at 477. Accordingly, the pleaded facts are insufficient to support a claim for deprivation of liberty under the Fourteenth Amendment.

28 U.S.C. § 1367(c)(3) permits a district court to decline to exercise supplemental jurisdiction over a claim where the district court has dismissed all of the claims over which it has original jurisdiction. But as a general rule, when "all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." Sharp Electronics Corp. v. Metropolitan Life Insurance Co., 578 F.3d 505, 514 (7th Cir. 2009). However, three generally accepted exceptions exist where: (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided. Sharp Electronics Corp., 578 F.3d at 514-15.

The court declines to exercise jurisdiction over Counts III-V of the amended complaint and dismisses Count VI. Counts I-II provided the only basis through which the court could exercise original jurisdiction, and these claims have been dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The statute of limitation on plaintiff's state law claims have not expired under 28 U.S.C. § 1367(d). Sufficient judicial resources are yet to be committed. Although it is not absolutely clear how Count V can be decided, plaintiff's false imprisonment claim (Count VI) is easily disposed of as probable cause to arrest, which has been established through plaintiff's allegations, serves as an absolute defense to a false imprisonment claim brought under Illinois law. See Stokes v. Board of Educ. of the City of Chicago, 599 F.3d 617, 626 (7th Cir. 2010). As such, the court declines to exercise jurisdiction over Counts III-V.

For the foregoing reasons, the court grants the motion to dismiss as to Counts I, II, and V of the amended complaint.[8] The remaining counts are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). This cause is dismissed in its entirety.

---

1. It was later discovered that plaintiff did not take money from the Arby's.

2. Normal procedure maintains that a proposed amendment or new pleading be submitted with the Rule15(a) motion. Twohy v. First National Bank of Chicago, 758 F.2d 1185, 1197 (7th Cir. 1985); Maimonis v. Urbanski, 2004 WL 2191599 (N.D. Ill. Sept. 23, 2004).

3. The reference to the sting operation is ultimately irrelevant as to the establishment of probable cause because the original complaint's pleaded facts only reference the sting operation after Officer Jobst placed plaintiff under arrest. However, the removal of these allegations demonstrate plaintiff's efforts to strip factual allegations in response to defendants' original motion to dismiss.

4. Plaintiff's characterization of the January 13, 2010, proceedings is disingenuous at best. Defense counsel specifically stated "You know, I haven't seen the proposed amended complaint," before inquiring as to how the matter would proceed. The Magistrate Judge then indicated that defense counsel would have 21 days to file whatever he thought was appropriate based on the amended complaint.

5. In an apparent ploy to undermine the omission relied upon by defendant, plaintiff maintains that the same information is stated in ¶26 of the amended complaint. However, that language is materially different as the communication occurred after the arrest and ¶26 makes no reference to Officer Jobst whatsoever.

6. To the extent leave to file the amended complaint was conditional, the court now grants leave to file the amended complaint. However, as the interests of justice warrant inclusion of ¶115 and §183 of the original complaint, the court considers these allegations as well. The court also considers ¶¶32–34 to the extent they demonstrate plaintiff's efforts to undermine defendants' original motion to dismiss.

7. To the extent plaintiff alleges a claim of an unreasonable search in Count I that claim fails as a matter of law as based in these allegations. The search was incidental to a lawful arrest, and therefore it did not violate the Fourth Amendment as pleaded.

8. To the extent the motion sought to strike the amended complaint, it is denied as moot.